IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dantzler Ramone Russell,  )  <br>  )  <br> Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> Carolyn W. Colvin, Acting Commissioner  )  <br> of Social Security,[1]  )  <br>  )  <br> Defendant.  )  <br>_____ ) | C/A No. 0:12-892-MGL-PJG  <br>  <br>  <br> **REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Dantzler Ramone Russell ("Russell"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that this matter should be remanded for further proceedings.

**ADMINISTRATIVE PROCEEDINGS**

In December 2008, Russell applied for DIB, alleging disability beginning September 9, 2008. (Tr. 51.) Russell's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on September 3, 2010, at which Russell, who was represented by Pamela Henry-Mays, Esquire, appeared and testified. After

___

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.

Page 1 of 9



hearing testimony from a vocational expert, the ALJ issued a decision on September 24, 2010 finding that Russell was not disabled. (Tr. 18-24.)

Russell was forty-nine years old at the time of his alleged disability onset date. (Tr . 51.) He has a high-school education and past relevant work experience as a floor technician at a hospital. (Tr. 58, 62.) In his application, Russell alleged disability since September 9, 2008 due to hypertension, cardiovascular disease, hip injury, and hip pain. (Tr. 57.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since September 9, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: residuals from a right hip replacement (20 CFR 404.1520(c)).
   \* \* \*
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 20 CFR 404.1525 and 404.1526).

5. . . . [T]he claimant has the residual functional capacity to perform work with restrictions which require no lifting or carrying over 30 pounds occasionally and 10 pounds frequently; a 30-45 minute sit/stand option at the workstation; only occasional stooping, twisting, crouching, balancing and climbing; no kneeling, crawling or climbing of ladders or scaffolds; no operation of pedals or other controls with the right lower extremity; and avoidance of hazards such as unprotected heights and dangerous machinery.
   \* \* \*
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
   \* \* \*
7. The claimant was born . . . [in] 1959 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).



8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 9, 2008, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 20-24.) On February 23, 2012, the Appeals Council denied Russell's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 5-8.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3)     whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)     whether the claimant can perform his past relevant work; and

(5)     whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Russell raises the following issues for this judicial review:

I.      The ALJ failed to follow the treating physician rule[;]

II.     The ALJ failed to properly evaluate Mr. Russell's credibility[;]

III.    The ALJ relied upon flawed vocational expert testimony.

(Pl.'s Br., ECF No. 8.)

**DISCUSSION**

**A.     Treating Physician**

Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant



to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

> Additionally, SSR 96-2p provides that
>
> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 . . . . In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id. at *5.

Russell first argues that the ALJ erred as a matter of law in his analysis of an opinion dated April 17, 2009 from his treating physician, Dr. Albert Humphrey. In this case, the ALJ found that



"the opinion of Dr. Humphrey is not substantiated by the medical evidence of record, when considered in its entirety. Accordingly, such opinion cannot be given controlling weight in arriving at a determination." (Tr. 22.) However, it is unclear from the ALJ's decision whether he evaluated Dr. Humphrey's opinion in accordance with the above discussed factors. Moreover, it is unclear what weight, if any, the ALJ gave to this opinion, which contravenes the requirements of SSR 96-2p. Accordingly, the court finds that the ALJ erred, as a matter of law, by failing to articulate what weight he afforded to Dr. Humphrey's opinion applying the appropriate factors. The ALJ's failure to do so cannot be deemed harmless because a remand in this case might lead to a different result. Therefore, the court is constrained to recommend remanding this matter for further proceedings.[3]

**B.     Other Issues**

In light of the court's recommendation that this matter be remanded for further consideration as outlined above, the court need not address Russell's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Russell may present her remaining arguments on remand.

---

[3] The court expresses no opinion as to how much weight Dr. Humphrey's opinion should be afforded or as to whether further consideration of this issue would result in additional limitations to Russell's residual functional capacity.



**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner as discussed above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 10, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).